

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Laura C. Williams<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2435<br>E-mail: lawillia@law.nyc.gov<br>*E-mail Not For Service* |

June 20, 2025

**Via ECF**
Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1960
New York, New York 10007

> Granted. The Court appreciates the parties' good faith cooperation.
>
> SO ORDERED:
> 6/20/2025
> HON. ROBERT W. LEHRBURGER
> UNITED STATES MAGISTRATE JUDGE

Re: *Dalton v. City of New York, et al.*
22-cv-06652 (LTS) (RWL)

Dear Judge Lehrburger:

    We represent Defendants in the above-referenced action. Pursuant to the Court's March 3, 2025 Order, the parties jointly set forth the following regarding discovery.

    The parties respectfully request that the Court endorse the following schedule for the remainder of discovery in this action:

- Fact Discovery Deadline:       November 20, 2025
- Expert Discovery Deadline:     December 20, 2025

    The parties have worked diligently to narrow or eliminate outstanding discovery issues. As such, they do not make any additional applications regarding discovery at this time.

    With respect to ESI, the parties anticipate they will come to an agreement on the last outstanding search ordered by the Court. The original searches brought in more than 200,000 documents. Through diligent, good faith negotiations, the parties narrowed the review population from a collection universe of approximately 92,000 documents to a review population of approximately 31,000 documents. The size of the review population, however, will increase before the parties finalize their agreement. Given the size of the population, Defendants will need 90 days to review the collected items and produce relevant, non-privileged documents to Plaintiff. Plaintiff will then require, depending on the size of Defendants' production, two to three weeks to review Defendants' production.

After ESI production and review, the parties will conduct depositions. Defendants presently intend to only depose the Plaintiff. Plaintiff anticipates, without waiver and limitation, taking five depositions. The parties are conferring about the availability of counsel and witnesses for deposition.

Lastly, there are a few discrete, non-ESI related discovery items the parties are confident they will resolve before the end of the proposed discovery deadline.

The parties are optimistic that they can conclude discovery without further Court intervention. Accordingly, the parties request that the Court endorse a fact discovery deadline of November 20, 2025 to allow time for Defendants to review the voluminous ESI review population, produce all responsive, non-privileged items to Plaintiff, for Plaintiff to review Defendants' ESI production, and for both parties to prepare for, and take, six depositions. Together with this proposal, the parties propose submitting a joint status letter regarding the progress of discovery 90 days after the date of this letter.

The parties thank the Court for consideration of this request.

Respectfully Submitted,
/s/
Laura C. Williams
Assistant Corporation Counsel

cc:     All Counsel of Record (via ECF)